IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAUN KIESELHORST, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Cause No. 4:16-cv-00411 |
| | § | |
| MAKANSAM, INC. and | § | |
| KHALID ABUSHAABAN, | § | |
| | § | A Jury is Demanded |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Shaun Kieselhorst, plaintiff, brings this action under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq* (1994 ed. And Supp. III)("FLSA").  This is an individual action to recover unpaid overtime compensation, minimum wage violations, liquidated damages, and attorney's fees and costs owed to Plaintiff by Defendants.

### PARTIES

1.   Plaintiff, Shaun Kieselhorst, was an "employee" of Defendants, as that term is defined by the FLSA.  During his employment with the Defendants, the Plaintiff was, individual, directly engaged in interstate commerce, and his work was essential to Defendant's business.  Plaintiff resides in Harris County, Texas.

2.   Defendant, Makansam, Inc. is a Texas corporation in the towing business in Harris County, Texas.  Makansam, Inc., is formed and existing under

1

the laws of the State of Texas and maintains and operates a business in Harris County, Texas. Defendant employed Plaintiff as a tow truck driver. With respect to Plaintiff, Defendant is subject to the provisions of the FLSA, as it was at all relevant times engaged in interstate commerce or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. §§203(r) and (s). The work of Defendant involves the actual movement of commerce and uses the interstate highways at various times to tow vehicles. Defendant accesses and uses tow trucks manufactured and sold through interstate commerce.

3. Defendant Khalid Abushaaban is an individual residing in Fort Bend County, Texas, who, at all times relevant to this claim, acted directly or indirectly in the interest of Defendant Markansam, Inc., in relation to Plaintiff's employment. Mr. Abushaaban was substantially in control of the terms and conditions of the Plaintiff's work in Harris County. Mr. Abushaaban directed Plaintiff in the performance of his duties. Mr. Abushaaban handled or caused to be handled various human resources functions, had the ability to hire and/or fire employees, and at all times acted as Plaintiff's employer as defined by 29 U.S.C. §203(d).

## JURISDICTION AND VENUE

3. This Court has jurisdiction under the FLSA. Jurisdiction is conferred via 28 U.S.C. §1337 and 29 U.S.C. §216(b). At all times pertinent to this Complaint, Defendant Markansam, Inc. was an enterprise engaged in interstate

commerce, operating on the interstate highways, using instrumentalities such as tow trucks manufacture in commerce, and conducting transactions through commerce, including the use of credit cards, cell phones, and electronic mail. At all times pertinent to this Complaint, Markansam, Inc., regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendants' business. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiff transacted business within this judicial district and the events underlying this complaint occurred within this judicial district.

## FACTS SUPPORTING RELIEF

4. Defendants employed Plaintiff from 2005 until April of 2014 as a tow truck driver.

5. Plaintiff was paid on a commission basis of $75 per tow and paid $25 per car if requested by an apartment complex to remove a car.

6. Plaintiff was one of approximately 6 employees using approximately 6 tow trucks.

7. Defendants engage in the business of towing various vehicles from either parking lots of stores or other illegal parked cars.

8. Defendants directed Plaintiff to various locations to work in the business of towing cars and tracked his location using GPS tracker and a camera.

9. Plaintiff utilized the interstate highways at times to travel and tow the vehicles to the location identified by Defendants.

10. Defendants accepted credit cards and engaged in credit card transactions.

11. Plaintiff answered phone calls in relation to the conduct of his work and communicated at times via electronic mail using the Internet.

12. Plaintiff averaged approximately $600 to $800 per week on a commission basis.

13. Plaintiff worked approximately 72 hours per week.

14. Plaintiff was scheduled to work from 7 a.m. to 7 p.m. six days per week.

15. Defendant deducted fuel costs from pay prior to gross wages and frequently deducted charges that were not the correct amount or which were not attributable to Plaintiff resulting in overcharges of approximately $100 to $200 per week.

16. Defendants have failed to pay all commissions due to Plaintiff.

17. During some or all of the workweeks of his tenure with the Defendant, the Plaintiff worked in excess of 40 hours per week.

18.     Plaintiff does not generally have access to Defendants' records and will provide additional detail after Defendants have provided records or initial disclosures have been made, if necessary.

19.     During the weeks of employment where Plaintiff worked more than 40 hours, Defendants failed to pay Plaintiff the overtime premium required by the FLSA.  Plaintiff was not paid for all the hours that he worked.

20.     At all times relevant to this case, the Defendants had knowledge of Plaintiff's regular and overtime work.  Defendants approved Plaintiff's work and hours.  Plaintiff's work benefitted Defendants.

21.     Plaintiff was not paid on a salary or fee basis, and did not ever serve in the capacity of an executive, administrator, professional or outside sales representative, as those terms are understood pursuant to 29 C.F.R. §541.  Plaintiff was not exempt from the protection of the FLSA.

22.     The Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

23.     Defendants actions were willful and in blatant disregard for Plaintiff's federally protected rights.

24.     Defendants are liable to Plaintiff under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

### FIRST CAUSE OF ACTION:  VIOLATION OF THE FLSA OVERTIME PROVISIONS

25. Plaintiff incorporates all averments of fact into this First Cause of Action for violation of the FLSA overtime provisions.

26. The Defendants willfully denied Plaintiff's right to overtime compensation under the FLSA.

27. The FLSA prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek.

28. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

29. Plaintiff further seeks liquidated damages as Defendants' conduct is in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

30. Plaintiff also seeks compensation of recoverable expenses, costs of court, and reasonable and necessary attorney's fees pursuant to 29 U.S.C. §216(b).

### SECOND CAUSE OF ACTION:  VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

25. Plaintiff incorporates all averments of fact into this First Cause of Action for violation of the FLSA minimum wage provisions.

26. The Defendants willfully denied Plaintiff's right to a minimum wage based upon payment of a commission without concern to the total amount of hours worked by Plaintiff.

27. The FLSA prohibits the payment of less than a guaranteed wage of $7.25 per hour.

28. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the minimum wage required by law which was not paid and which should have been paid.

29. Plaintiff further seeks liquidated damages as Defendants' conduct is in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

30. Plaintiff also seeks compensation of recoverable expenses, costs of court, and reasonable and necessary attorney's fees pursuant to 29 U.S.C. §216(b).

## **JURY DEMAND**

31. Plaintiff demands a trial by jury on all claims he has asserted in this Complaint.

## **PRAYER FOR RELIEF**

Shaun Kieselhorst, Plaintiff, prays that the Court assume jurisdiction of this cause and that Defendants be cited to appear. Plaintiff prays that the Court award the following relief, under law and equity, as applicable:

1. Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

2. Judgment against Defendants for an amount equal to the minimum wage for every hour worked during the workweek;

3. Judgment against Defendants that their violation of the FLSA was willful;

4. Judgment against Defendants for an amount equal to the unpaid wage damages as liquidated damages;

5. If liquidated damage are not awarded, an award of pre-judgment interest;

6. Post-judgment interest at the applicable rate;

7. All costs, recoverable expenses and attorney's fees incurred in prosecuting these claims;

8. Leave to amend to add claims under applicable state laws, if necessary; and,

9. For such further relief as the Court deems just and equitable to which Plaintiff is entitled.

Respectfully submitted,

**ROSS LAW GROUP**
/s/ Thomas H. Padgett, Jr.
**THOMAS H. PADGETT, JR.**
Texas Bar No. 15405420
Fed. ID: 11554
Attorney-in-Charge
4809 Pine St.
Bellaire, Texas 77401
Ph: 800-634-8042
Ph: 512-474-7677
Fax: 512-4745306
tpadgett@rosslawgroup.com


**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio St.
Austin, Texas 78701
**ATTORNEYS FOR PLAINTIFF**